UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00-6156-CR-DIMITROULEAS/SELTZER

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
v.                          )
                            )
ISRAEL COLON,               )
                            )
            Defendant.      )
_____)



**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Attached, please find a copy of any written statements made by the defendant.

            2.    The government is unaware of any oral statements made by the defendant, other than those contained in the defendant's written statement, before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.



3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or

2

        informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

        In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.    The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.    To date, the government has not received a request for disclosure of the subject-matter of expert

       testimony that the government reasonably expects to offer at trial.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

    The attachments to this response are numbered pages  1 - 28 . Please contact the undersigned Assistant United States Attorney if any pages are missing.

                      Respectfully submitted,

                      THOMAS E. SCOTT
                      UNITED STATES ATTORNEY

By:         _____
              BRUCE O. BROWN
              Assistant United States Attorney
              Florida Bar No. 999490
              500 E. Broward Blvd. Ste. 700
              Fort Lauderdale, Florida 33394
              Tel: (954) 356-7255 ext. 3508
              Fax: (954) 356-7336

cc:  Special Agent Ollie Mier,
     Bureau of Alcohol, Tobacco & Firearms

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail July 17, 2000 to: Timothy Day, Assistant Federal Public Defender, 101 N.E. Third Avenue, Suite 202, Fort Lauderdale, Florida 33301.

_____
BRUCE O. BROWN
Assistant United States Attorney

5